UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD A. JONES,

        Petitioner,

                                 CIVIL ACTION NO. 04-CV-71296-DT
v.                               HONORABLE GEORGE CARAM STEEH

CARMEN PALMER,

        Respondent.
_____/

## ORDER DENYING REQUEST FOR RECONSIDERATION

This matter is before the Court on Petitioner Ronald A. Jones' request for reconsideration concerning this Court's dismissal of his petition for writ of habeas corpus in November, 2004 for failure to comply with the one-year statute of limitations applicable to federal habeas actions. In support of his motion, Petitioner claims that he is entitled to equitable tolling of the one-year period because he is actually innocent.

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Furthermore, Petitioner has not established that he is actually innocent. The United States Court of Appeals for the Sixth Circuit has recently held that a credible claim of actual

innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  His conclusory allegations that DNA testing will establish his innocence are insufficient to justify equitable tolling of the one-year period.

    Accordingly, the Court **DENIES** Petitioner's request for reconsideration.

    s/George Caram Steeh
    GEORGE CARAM STEEH
    UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 5, 2005, by electronic and/or ordinary mail.

    s/Josephine Chaffee
    Secretary/Deputy Clerk

2